IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KIMBERLY ANN LONG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Case No. CIV-12-492-F |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of the Social | ) |
| Security Administration[1], | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. §405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's application for disability insurance benefits (DIB) under the Social Security Act. This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B)-(C). The Commissioner has answered and filed the administrative record (hereinafter TR. ___). The parties have briefed their positions, and the matter is now at issue. For the reasons stated herein, it is recommended that the Commissioner's decision be **REVERSED AND REMANDED** for further administrative proceedings.

## PROCEDURAL HISTORY

Plaintiff's application for DIB, was denied on initial consideration and on reconsideration at the administrative level (TR. 10). An ALJ held a *de novo* hearing on

---

[1] Carolyn W. Colvin became Acting Commissioner of the Social Security Administration on February 14, 2013. Therefore, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Acting Commissioner Colvin is hereby substituted for Commissioner Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of § 405(g) of the Social Security Act, 42 U.S.C. § 405(g).

October 5, 2009, (TR. 10; 23-38) during which Plaintiff amended her disability onset date to January 1, 2006 (TR. 10; 26). The ALJ issued an unfavorable decision on December 18, 2009, (TR. 10-19), finding that Plaintiff was not disabled. On March 6, 2012, the Appeals Council denied Plaintiff's request for review, (TR. 1-3), making the decision of the ALJ the final decision of the Commissioner.

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *See Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (quotation omitted). A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004). The court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the [administrative law judge's] findings in order to determine if the substantiality test has been met." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quotations and citations omitted).

## THE ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §404.1520. At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since the amended onset date of her alleged disability (TR. 12). At step two the ALJ found that Plaintiff had severe impairments including scoliosis, disorders of the back, arthritis, and osteoporosis (TR. 12). At step three, the ALJ determined that none of Plaintiff's impairments or combination of impairments meets or equals the limiting characteristics of any of the presumptively disabling impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 15). The ALJ then formulated Plaintiff's residual functional capacity (RFC):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a)

(TR. 15).[2] The ALJ then determined that Plaintiff could not perform her past relevant work as teacher's aide because this job requires the ability to work at the light exertional level (TR. 18). At step five of the sequential evaluation process, the ALJ determined that Plaintiff has the ability to perform other work such as surveillance systems monitor and document preparer (TR. 19).

---

[2] The ALJ's RFC, standing alone, suggests that Plaintiff could perform the full range of sedentary work. The ALJ specifically found, however, that the Medical–Vocational Rules, commonly known as "the grids," did not apply to this case because Plaintiff has "additional limitations" (TR. 19). The ALJ did not specify what Plaintiff's additional limitations are. This omission hinders the court's ability to review the decision. On remand the ALJ will have the opportunity to specify the non-exertional limitations which prevent Plaintiff from performing the full range of sedentary work.

**ISSUES PRESENTED**

Plaintiff contends that the ALJ erred by selectively disregarding significantly probative evidence and by failing to properly evaluate the medical opinion of her treating physician, Dr. Jeffrey Davenport.

**ANALYSIS**

I. **The ALJ's Disregarding of Probative Evidence**

Plaintiff contends that the ALJ erred in failing to consider a December 2008 medical record generated by Dr. Davenport. In the medical record, Dr. Davenport identifies Plaintiff's nonexertional limitations as they existed at that time. The medical record states that Plaintiff was experiencing chronic pain exacerbated by walking, climbing stairs and bending. It was Dr. Davenport's opinion that Plaintiff could sit for less than 30 minutes, stand or walk 60 minutes and lift and carry fewer than 20 pounds (TR. 192). Although the ALJ acknowledged Dr. Davenport's Physical Medical Source Statement dated February 23, 2009 (TR. 184-186), the ALJ did not adequately analyze its contents (TR. 16).

An ALJ "may not ignore evidence that does not support his decision, especially when that evidence is significantly probative." *Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1239 (10th Cir. 2001) (quotation omitted); *see also Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996) ("[I]n addition to discussing the evidence supporting his decision, the ALJ also must discuss . . . significantly probative evidence he rejects."). The Tenth Circuit Court of Appeals has held that "[i]t is improper for the ALJ to pick and choose among medical reports, using portions of evidence favorable to his position

while ignoring other evidence." *Carpenter v. Astrue*, 537 F.3d 1264, 1265 (10th Cir. 2008) (*citing Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004)).

On remand, the ALJ should discuss all significantly probative evidence, even if he ultimately rejects that evidence.

## II.     The ALJ's Analysis of Treating Physician Opinions

Plaintiff contends that the ALJ erred in failing to properly analyze Dr. Davenport's treating medical source opinions. This point is well-taken.

The Tenth Circuit Court of Appeals has long recognized the proper analysis and assignment of weight to be given to the opinions of treating and non-treating sources. When considering the opinion of an "acceptable medical source" such as the Plaintiff's treating physician, the ALJ must first determine whether the opinion should be given "controlling weight" on the matter to which it relates. *See Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003). The opinion of a treating physician must be given controlling weight if it is well-supported by medically acceptable clinical or laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. *Id.* (applying SSR 96–2p, 1996 WL 374188, at *2); 20 C.F.R. § 404.1527(d)(2). If the opinion is deficient in either of these respects, it should not be given controlling weight.

Even if the opinion of a treating physician is not entitled to controlling weight, however, it is still entitled to deference. The ALJ must clearly state the weight the opinion is being given, even if it is being rejected. The ALJ must specify the reasons for the weight afforded the opinion, and the reasons must be closely tied to the factors specified in the regulations. *See Watkins*, 350 F.3d at 1300–01. Remand is required

only if the ALJ does not adequately support the weight he assigned to the opinion of an acceptable medical source. As the relevant ruling explains:

> Adjudicators must remember that a finding that a treating source medical opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to "controlling weight," not that the opinion should be rejected. Treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in [§§] 404.1527 and 416.927. In many cases, a treating source's medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight.

SSR 96–2p, 1996 WL 374188, at *4. *See also Langley v. Barnhart*, 373 F.3d 1116, 1121 (10th Cir. 2004) (holding that while absence of objective testing provided basis for denying controlling weight to treating physician's opinion, "[t]he ALJ was not entitled. . . to completely reject [it] on this basis"). The second inquiry is governed by its own set of factors: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. *Id.* at 1119 (quotation omitted). In applying these factors, the ALJ's findings must be "sufficiently specific to make clear to any subsequent reviewers the weight she gave to the treating source's medical opinion and the reason for that weight." *Id.* (quotation omitted).

Dr. Davenport began treating Plaintiff in December 2006, and he continued to treat her until September 2009.[3] The ALJ's only discussion of Dr. Davenport's records, including his Physical Medical Source Statement is as follows:

> The Administrative Law Judge notes the claimant's treating physician Dr. Davenport completed a Physical Medical Source Statement in February 2009; however, the claimant was seeking a new physician in September 2009

(TR. 17). Although it is clear that the ALJ did not give Dr. Davenport's opinion controlling weight, the ALJ neither explains the significance of Plaintiff's change of doctors, nor does he state the weight given to Dr. Davenport's opinion or why. Thus, the ALJ did not properly complete either step of the analysis of the treating physician's opinion.

As Plaintiff points out, the ALJ's error in this regard cannot be classified as harmless error, given the support of Dr. Davenport's opinions in the record as a whole. Moreover, the fact that the ALJ did not ask the VE hypothetical questions, compounded the error. During the hearing, the ALJ merely stated to the VE, "Okay. Give me a couple unskilled, sedentary jobs" (TR. 36). As Plaintiff notes, the record does not support a conclusive finding that no reasonable fact finder could have resolved the factual issues

---

[3] In his negative assessment of Plaintiff's credibility, the ALJ relied at least in part on the absence of medical records, other than laboratory test results, during 2007. The ALJ opined, that Plaintiff could have sought out a free clinic if she could not afford to go to a private physician. The ALJ concluded, "If the claimant's condition was not severe enough to motivate her to seek treatment, particularly when treatment is available, it is difficult to accept her assertion that it is disabling" (TR. 17). In fact, however, Plaintiff not only sought out medical care in 2007, but she also underwent rotator cuff surgery. A January 2008 medical record generated by Plaintiff's surgeon states that rotator cuff surgery had been performed four months before (TR. 162). On remand, the ALJ will have the opportunity to properly assess Plaintiff's credibility.

in this matter any other way. *See Anderson v. Colvin*, 2013 WL 1339379, 7 (10th Cir. 2013).

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner should be **REVERSED AND REMANDED** for further administrative proceedings.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. §636 and Fed. R. Civ. P. 72. Any such objections should be filed with the Clerk of the District Court by **May 30, 2013**. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

**ENTERED** on May 16, 2013.



SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE